**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7231**

JOHN LEWIS WRAY, JR.,

                    Plaintiff – Appellant,

          v.

R. DAVID MITCHELL; BEVERLY PERDUE; ROY COOPER; FORREST
DONALD BRIDGES; RICHARD L. SHAFFER; SARAH E. KIRBY-TURNER;
COLLIN MCWHIRTER; DAVID SCHWEEPEE, II; JOHN CHURCH; PAUL
DITZ; RICHARD G. YOUT; RENITA W. MELTON; SERGEANT DAVIS,

                    Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Robert J. Conrad,
Jr., Chief District Judge.  (1:10-cv-00298-RJC)

Submitted:  October 11, 2012          Decided:  October 16, 2012

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Lewis Wray, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Lewis Wray, Jr., seeks to appeal the district court's order construing his 42 U.S.C. § 1983 (2006) complaint as a 28 U.S.C. § 2254 (2006) petition and dismissing it. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on February 28, 2012. The notice of appeal was filed on July 13, 2012.* Because Wray failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal and deny Wray's motion to add documents and petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are

_____

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED